LAWSON, District Judge,
concurring.
I concur in the majority opinion affirming the order of the district court finding the plaintiffs monetary claims are subject to arbitration. I write separately, however, to express my concern with the way the district court disposed of those claims, namely, dismissing them with prejudice.
The district court dismissed the plaintiffs arbitrable claims “with prejudice for lack of jurisdiction pursuant to the arbitration clause.... ” Mem. Op. and Order at 10. A dismissal “with prejudice” implies an adjudication on the merits, which, of course, did not occur here. The Supreme Court recognized that “[a]t common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim.” Costello v. United States, 365 U.S. 265, 285, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). The dismissal of the plaintiffs arbitral claims should have been without prejudice, so that the plaintiff still can pursue them in arbitration if she chooses. See McIntyre v. First Financial Group, No. 12-740, 2012 WL 5939931, at *5 (WD.Mich. Nov. 21, 2012). It appears that in this circuit, that style of dismissal is utilized under these circumstances. See, e.g., Morgan v. United Healthcare Services, Inc., No. 12-676, 2013 WL 1828940 (S.D.Ohio Apr. 30, 2013); Asbell v. Education Affiliates, Inc., No. 3:12-CV-00579, 2013 WL 1775078 (M.D.Tenn. Apr. 25, 2013); Scott v. Ameritech Pub., Inc., -F.Supp.2d-, 2013 WL 1489095 (E.D.Mich. Apr. 10, 2013); Rodriguez v. Charles Schwab Corp., No. 12-2277, 2013 WL 907380 (W.D.Tenn. Mar. 8, 2013); Smith v. Cheesecake Factory Restaurants, Inc., No. 3:06-CV-00829, 2013 WL 494090 (M.D.Tenn. Feb. 8, 2013); see also Brotherhood of R.R. Signalmen v. Invensys Rail Corp., No. 12-63, 2013 WL 1309762 (W.D.Ky. Mar. 26, 2013) (rejecting request to dismiss with prejudice where *318 grievance subject to arbitration was allegedly filed untimely, finding that to be an issue relating to the merits of the grievance and thus subject to review by the arbitrator).
The parties apparently were not concerned with the style of dismissal utilized by the district court, since they did not address the point in their briefing. Therefore, it appears that the defendants have no quarrel with the plaintiffs ability to assert her monetary claims in an arbitral forum. And normally, we do not comb the record to search for issues on our own. However, for the sake of clarity, I would affirm the order of the district court finding the plaintiffs monetary claims are subject to arbitration, and remand with directions to amend the judgment to reflect that those claims are dismissed without prejudice.